## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| REGINAL MOORE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-6847 (WJM) |
| | : | |
| v. | : | |
| | : | |
| UNION COUNTY POLICE DEPT., | : | **MEMORANDUM AND ORDER** |
| et al. | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court upon the submission of Plaintiff's Complaint and Application to proceed <u>in forma pauperis</u>.

Plaintiff seeks to bring a civil action <u>in forma pauperis</u>,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the Act, a prisoner bringing a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.

---

[1] Suits brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915.

28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this case, Plaintiff did not submit a completed application to proceed in forma pauperis upon initial filing of the Complaint because he did not include a certified account statement as required by 28 U.S.C. § 1915(a)(2).  (Dkt. 1-1.) Plaintiff later submitted an "Account Certification Form."  (Dkt. 3.)  The Court notes that Plaintiff's account statement reflects a negative account balance.  (Dkt. 3.)

Plaintiff has used an out-of-date Complaint and in forma pauperis application form which both incorrectly state that the filing fee is $150.00.  To the contrary, the filing fee for a civil action is $350.00.  If Plaintiff is granted leave to proceed in forma pauperis in this action, the Court may enter an Order assessing the $350.00 filing fee and directing that assessments be withdrawn from Plaintiff's prison account until the $350.00 filing fee is paid.  See 28 U.S.C. § 1915.

Accordingly, since this Court cannot be certain that Plaintiff wishes to incur the $350.00 filing fee, the matter will be administratively terminated pending further communication

Plaintiff confirming that he wishes to incur the full $350.00 filing fee.

This Court expresses no opinion, at this time, as to whether this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or otherwise.

THEREFORE, it is on this 30<u>th day of January</u>, 2013;

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988)(prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see</u> <u>also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and a blank complaint to be used by a prisoner; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50

Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Order, to confirm that he wishes to incur the full $350.00 filing fee if he should be granted permission to proceed in forma pauperis application; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either (1) a complete in forma pauperis application acknowledging the full filing fee or (2) the filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

s/William J. Martini

_____
William J. Martini
United States District Judge