<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINAL MOORE,<br><br>      Plaintiff,<br><br>   v.<br><br>UNION COUNTY POLICE DEPT., et al.,<br><br>      Defendants. | Civil Action No. 12-6847 (WJM)<br><br><br>OPINION |

**APPEARANCES**:

   REGINAL MOORE #011476C
   Bayside State Prison
   P.O. Box F-1
   Leesburg, NJ 08327
   Plaintiff *Pro Se*

<u>**MARTINI, District Judge**</u>:

   Reginal Moore, a New Jersey prisoner, seeks to file a Complaint asserting Fourth Amendment excessive force claims under 42 U.S.C. § 1983 without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis.*[1]  For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[1] This Court initially denied without prejudice Plaintiff's application to proceed *in forma pauperis* because he did not include the prison account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff thereafter submitted the account statement to the Clerk.

## I.   BACKGROUND

Moore brings this Complaint under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights against the City of Elizabeth, Union County (improperly pleaded as Union County Police Department), the Chief of Police, and Police Officers Barry Kaplan and Kenneth Dalrymple.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  He asserts that on January 21, 2012, he was sitting in a parked vehicle in Elizabeth, New Jersey.  He alleges that Union County Police Officer Dalrymple, who was working for Elizabeth on that date, "used excessive force by trying to smash [the] car window with [a] (metal baton) and assault me with no reason[] at all.  He struck me once which cause[d] me to flee scared for my life."  (Complaint, ECF No. 1 at 5.)  He alleges that Union County Police Officer Barry Kaplan, who was also working for Elizabeth, "fired his weapon at me 3 times attempting to murder Plaintiff who was not armed []or dangerous[,] and was not causing any harm, threats or threats of violence."  *Id.*  Plaintiff contends that the City of Elizabeth, the Police Chief, and Union County violated his constitutional rights by "fail[ing] to train or supervise [Kaplan and Dalrymple] regarding use of force."  *Id.* at 6.  He seeks damages for violation of his constitutional rights and the infliction of "mental distress, mental anguish, and any other fees the Court deems proper."  *Id.* at 7-8.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b).  The PLRA directs

2

district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner, and he seeks redress from a governmental entity and governmental employees.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[3]  To recover under § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Liberally construing Plaintiff's allegations, the Court reads the Complaint as attempting to state a claim under the Fourth and Fourteenth Amendments under § 1983 for use of unconstitutional excessive force.

A claim of "excessive force in the course of making [a] . . . 'seizure' of [the] person . . .[is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard."  *Scott v. Harris*, 550 U.S. 372, 381 (2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)).  "To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure

---

[3] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

occurred and that it was unreasonable under the circumstances." *Lamont v. New Jersey*, 637 F.3d 177, 182-83 (3d Cir. 2011); *accord Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007); *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999). In deciding whether the challenged seizure constitutes excessive force, a court must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Couden v. Duffy*, 446 F. 3d 483, 496-97 (3d Cir. 2006) (quoting *Graham*, 490 U.S. at 396)). The Third Circuit has set forth additional considerations, such as the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time. *See Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). "Culpability is relevant . . . to the reasonableness of the seizure - to whether preventing possible harm to the innocent justifies exposing to possible harm the person threatening them." *Scott*, 550 U.S. at 384 n.10.

In this case, Plaintiff's claim that the use of force was unreasonable is based on his own conclusion that he did not pose a danger and that he was not armed. But "[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*. 490 U.S. at 396. And a court "must remember that law enforcement officers 'are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.'" *Lamont,*, 637 F.3d at 183 (quoting *Graham,* 490 U.S. at 397). Plaintiff's Complaint sets forth no facts concerning the alleged crime underlying the incident. Nor does he assert facts supporting the conclusion that there was no reason for the

officers to think that he posed a danger to them or the community.  Given Plaintiff's attempt to flee, this Court cannot conclude on the facts in the Complaint that, from the perspective of Officers Kaplan and Dalrymple, Plaintiff posed no danger.

In addition, although Plaintiff asserts that Kaplan fired three shots, he does not allege that any bullet hit him.  Although Plaintiff asserts that Dalrymple struck him one time as Dalrymple smashed the car window with a baton, Plaintiff's allegations do not suggest that he was injured in any way by the single blow.[4]  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, is constitutionally unreasonable." *Whiting v. Bonazza,* 545 F.App'x 126, 130 (3d Cir. 2013) (quoting *Sharrar v. Felsing,* 128 F.3d 810, 821 (3d Cir. 1997)). In the absence of any allegations of injury, this Court finds that the facts set forth in the Complaint are too conclusory and minimal to "nudge[]" Plaintiff's claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citation and internal quotation marks omitted).  Because the Complaint, as written, does not assert a Fourth Amendment excessive force claim against Officers Kaplan and Dalrymple, this Court will dismiss the Fourth Amendment claims against the officers.

Plaintiff also claims that the Police Chief, the City of Elizabeth, and Union County violated his constitutional rights under § 1983 by failing to properly train and supervise Officers Kaplan and Dalrymple.  However, since the Complaint does not assert a Fourth Amendment claim against either individual police officer, it follows that it does not assert a claim under § 1983 against the police chief, the city, or the county for failure to train and supervise those officers.  *See*

---

[4] Plaintiff seeks damages not for any physical injury, but for "mental distress" and "mental anguish."  (Complaint, ECF No. 1 at 7-8.)

*Bergdoll v. City of York,* 515 F.App'x 165, 171 (3d Cir. 2013) ("[N]either *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 . . . (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when ... the officer inflicted no constitutional harm.") (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *accord Grazier ex rel. White v. City of Philadelphia,* 328 F.3d 120, 124 (3d Cir. 2003). This Court will dismiss the § 1983 claims against the Police Chief, Elizabeth, and Union County for failure to state a claim upon which relief may be granted.

B.    Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In this case, by supplying additional facts, Plaintiff may be able to show that the individual police officers, the city and/or the county violated his Fourth Amendment rights under § 1983. This Court will grant Plaintiff leave to file an amended complaint that is complete on its face and asserts a claim under § 1983 for use of excessive force contrary to the Fourth Amendment.[5]

---

[5] To establish that a person, such as a police chief or a police officer, is liable under § 1983, "a plaintiff must plead that [the] Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisor "is only liable for his or her own misconduct." *Id.* at 677. A local government entity, such as Elizabeth or Union County, may be found liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. A local government entity's decision not to train employees may rise to the level of an official government policy under § 1983 where it amounts to "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *accord Thomas v. Cumberland County,* ___ F.3d ___, 2014 WL 1395666 (3d Cir. Apr. 11, 2014). "[D]eliberate

7

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim upon which relief may be granted.

                                                          s/William J. Martini

                                                     **WILLIAM J. MARTINI, U.S.D.J.**

DATED: April 16, 2014

---

indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Thomas* at \*4 (quoting *Bd. of Cnty. Comm'rs v. Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 410 (1997)).  A "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  *Connick,* 131 S.Ct. at 1360 (quoting *Bryan County*, 520 U.S. at 409); *see also Brown v. City of Pittsburgh*, 586 F. 3d 263, 292 (3d Cir. 2009) ("[A] single incident of police misbehavior . . . is insufficient as *sole* support for an inference that a municipal policy or custom caused the incident.")   (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 832 (1985) (Brennan, J., concurring).